ROBERT KITTLE, PLAINTIFF IN ERROR, v. EDWARD G. ST. JOHN, DEFENDANT IN ERROR.

1. **Landlord and Tenant**: TERMINATION OF LEASE. When by the terms of a lease of real estate for five years, the lessee may terminate the lease at the end of either year, upon giving to the lessor six days' written notice, such written notice must be served on the lessor, as required by the contract.

2. ————: EVIDENCE. Parol testimony is not admissible to prove the surrender of leased premises. Under the statute of frauds, such surrender can only be done by some note or memorandum in writing, subscribed by the party surrendering the same.

ERROR to the district court for Dodge county. Tried below before POST, J. The case is cited in the opinion.

*M. H. Sessions* and *Robert Kittle*, for plaintiff in error, cited *Tondro v. Cushman*, 5 Wis., 579. *Mattis v. Robinson*, 1 Neb., 3. *Hatch v. Fowler*, 28 Mich., 205. *Filley v. Duncan*, 1 Neb., 134. *Leonard v. Burgess*, 16 Wis., 41. Taylor, Landlord and Tenant, 482. *Bailey v. Wells*, 8 Wis., 141. *Rowan v. Lytle*, 11 Wend., 616. *Cronmellin v. Theiss*, 31 Ala., 412. *Jackson v. Eddy*, 12 Mo., 132.

GANTT, CH. J.

On the tenth of September, 1872, defendant rented from the plaintiff fractional block No. 224, in the city of Fremont, together with the warehouse, rights, and appurtenances thereunto belonging, for the term of five years, at a certain stipulated annual rent, payable quarterly in advance. It was further stipulated as follows: "And in default of any payment, at the time due, of rent, or should said warehouse be closed or the premises not be used in the ordinary grain or lumber business for more than one month at any time, Robert Kittle may

terminate this lease, by first giving six days' written no-
tice, served on any one occupying said premises at such
time, or thereon. This lease may be terminated by E.
G. St. John, at the end of either year, by the same notice
as above, served at R. Kittle's office, or on him."

The plaintiff sued the defendant for the quarter's rent
due on the tenth September, 1876. The defendant, in
his answer, admitted the execution of the lease, and set
up as a defense that, on or about the tenth of August,
1876, he verbally notified the plaintiff that he "wished"
to terminate the lease and surrender the premises on
the tenth of September, 1876, that being the end of the
fourth year of said lease, and alleged that the plaintiff
then informed him "that was all right, and then and
there waived the service of a written notice." The
plaintiff, in his reply, denied "that he ever in any way
consented to or received the surrender of the premises,
or that the defendant ever surrendered the same, by
parol or otherwise."

In regard to the question of notice, the defendant tes-
tified as follows : "I had a conversation with Mr. Kittle,
on or about the tenth of August. I told him, after we
had talked some, before leaving, I told him positively I
wished to give up the warehouse on the tenth of Sep-
tember. His answer was, all right. I understood him
to take it as a notice to give it up. I never thought any
more about it, except that it was an agreement—all the
notice I would have to give him." This testimony falls
far short of proving the allegation alleged in defendant's
answer. It does not show any waiver of the service of a
written notice by the plaintiff. What the defendant
*understood* and *thought* is not evidence, because the wit-
ness must testify to facts and not his understanding of
what occurred.

Again, in regard to this conversation, the testimony
of the plaintiff is in conflict with that of defendant.

But to terminate the lease at the end of any one year, during the term mentioned therein, the parties by their contract required six days' written notice; and without any such notice having been given, and without any release or re-conveyance of his interest in the premises, the defendant offered parol testimony to prove a surrender of the estate to the lessor at the end of the fourth year. This testimony was admitted. Now, section three, of Chap. XLIII, Revised Statutes (1866), relative to Frauds, provides that there shall be no surrender of a lease of real estate exceeding a term of one year, " unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party   *   *   *   surrendering the same." Therefore all the parol testimony offered by the defendant, in respect to a surrender of the leased premises by defendant to plaintiff, was incompetent, and in direct violation of the above statute.

In *Bailey v. Wells*, 8 Wis., 141, 158, it is held that such testimony is inadmissible, and that "if there has been any surrender in fact, it could only be done by some note or memorandum in writing, subscribed by the party surrendering the same.  *  *  *  The circuit court, therefore, very properly refused to permit the plaintiff in error to show an oral surrender of the leased premises to the lessor." *Martin v. Kepner*, 1 W. L. J., 396. *Rowan v. Lytle*, 11 Wend., 16.

The judgment of the district court must be reversed, and the cause be remanded for trial *de novo*.

REVERSED AND REMANDED